**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SENQUE SHAWARBI JEFFERSON, | No. 09-17278 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-00977-LKK-DAD |
| v. | |
| SCOTT KERNAN, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted April 15, 2011
San Francisco, California

Before: NOONAN and N.R. SMITH, Circuit Judges, and BLOCK, Senior District
Judge.[**]

The district court's denial of Jefferson's petition for habeas corpus is

affirmed.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

In reviewing a petition for habeas corpus under AEDPA, this court is bound by the state court's interpretation of state law and errors of state law do not warrant federal habeas relief unless they also violate federal law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Under AEDPA, we review this California case only to determine if there was a violation of "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), and if so, whether it had a "substantial and injurious effect or influence in determining the jury's verdict," *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993).

1.      The California Court of Appeal did not violate Jefferson's federal constitutional right to present a defense recognized by state law when it concluded that medical evidence of Jefferson's mental illness was not relevant to his state-law defense of self-defense. Under California law, self defense includes an objective element—what a reasonable person in similar circumstances would do. *People v. Jefferson*,14 Cal. Rptr. 3d 473, 480-81 (Ct. App. 2004). However "[b]y definition, a reasonable person is not one who hears voices due to severe mental illness." *Id.* at 481. An evidentiary rule precluding irrelevant evidence is neither "arbitrary" nor "disproportionate to the purposes [it is] designed to serve." *Holmes v. South Carolina*, 547 U.S. 319, 325 (2006) (citations and internal quotation marks

2

omitted).[1]   Jefferson did testify about his subjective belief that he needed to defend himself based on the voices he heard; medical evidence of the same was not necessary.  For the same reasons, the trial court's instruction that the jury could not consider Jefferson's mental state as a relevant circumstance was not an error of state or federal law.

2.      The California Court of Appeal's refusal to exercise its discretion to strike Jefferson's prior convictions does not contradict the governing law set forth in the United States Supreme Court's cases.  *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003); *cf. Ewing v. California*, 538 U.S. 11, 29 (2003) (upholding trial court's refusal to exercise discretion to treat a "wobbler" as misdemeanor under three strikes).  There is no Supreme Court precedent involving materially indistinguishable facts in which the Court arrived at a different result from that reached by the California Court of Appeal.  *Lockyer*, 538 U.S. at 73.

3.      Jefferson's three-strikes sentence of 50 years to life is not contrary to or an unreasonable application of clearly established federal law.  Counsel conceded at oral argument that the Supreme Court has never held that the mentally ill are not subject to the three strikes law.  Instead, it has affirmed that the laws are

---

[1] We note that, in a different phase of the proceedings, the jury determined that Jefferson was sane at the time he committed the three crimes for which he was convicted.

3

constitutional, except that a court may not impose a life sentence without parole for non-violent offenses. *Ewing*, 538 U.S. at 22, 30-31. Because Jefferson's multiple convictions were for violent offenses, there is no violation of the Eighth Amendment.

AFFIRMED.